Opinion issued April 17, 2008











 






 

 

 

 

 


In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01026-CR

____________


JONATHAN LEWIS RAINEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1040845






MEMORANDUM OPINION

 A jury found appellant, Jonathan Lewis Rainey, guilty of the offense of capital
murder. (1) Because the State did not seek the death penalty, the trial court
automatically assessed his punishment at confinement for life. (2) In his sole point of
error, appellant contends that the trial court erroneously instructed the jury to
unanimously agree to acquit him of the offense of capital murder before it could
consider whether appellant was guilty of the lesser included offense of aggravated
robbery.

 We affirm.

Background

 Appellant and two other conspirators participated in an armed robbery of Texas
Pawnshop. In the course of the robbery, the complainant, Rogelio Caballero, Jr., was
fatally shot. Appellant gave two conflicting statements to police. In one, appellant
claimed that he did not participate in the shooting of the complainant in any way. In
the second, appellant claimed that both he and a co-conspirator fired shots at the
complainant. Appellant was indicted for capital murder for intentionally causing the
death of the complainant in the course of committing the robbery. At trial, appellant
admitted to his participation in the armed robbery, but claimed that he was not
involved in the shooting death of the complainant.

 The jury was instructed on the charged offense of capital murder. Then the jury
was instructed, "Unless you so find from the evidence beyond a reasonable doubt, or
if you have a reasonable doubt thereof, you will acquit the defendant of capital
murder and next consider whether the defendant is guilty of aggravated robbery." 
This paragraph was followed by instructions to the jury on the lesser-included offense
of aggravated robbery. Finally, the jury was instructed:

 If you believe from the evidence beyond a reasonable doubt that
the defendant is guilty of either capital murder on the one hand or
aggravated robbery on the other hand, but you have a reasonable doubt
as to which of said offenses he is guilty, then you must resolve that
doubt in the defendant's favor and find him guilty of the lesser offense
of aggravated robbery.


 If you have a reasonable doubt as to whether the defendant is
guilty of any offense defined in this charge you will acquit the defendant
and say by your verdict "Not Guilty."


Appellant did not raise any objections to these portions of the jury charge. (3) After
receiving these instructions, the jury found appellant guilty of capital murder. The
trial court assessed appellant's punishment at confinement for life. This appeal
followed.


Analysis

 In his sole point of error, appellant argues that the trial court erred in
"instructing the jury that it must unanimously agree to acquit appellant of capital
murder before it could consider whether he was guilty of the lesser-included offense
of aggravated robbery." Appellant specifically complains of the provision of the trial
court's jury charge that stated, "Unless you so find from the evidence beyond a
reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the
defendant of capital murder and next consider whether the defendant is guilty of
aggravated robbery." (Emphasis added). He asserts that this instruction "improperly
impinges on the jury's freedom of choice among greater and lesser offenses" and that
he was egregiously harmed by it. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984) (holding that if error is found in jury charge and defendant fails to
object to such error, defendant must show egregious harm).

 We review jury charge error in a two-step process. Ngo v. State, 175 S.W.3d
738, 743 (Tex. Crim. App. 2005). First, we determine whether error exists in the
charge. Id. If there is error, we then review the record to determine whether
sufficient harm was caused by the error to require reversal of conviction. Id. When,
as here, the charging error is not preserved, reversal is not required unless the harm
is egregious. Id. at 743-44 (citing Almanza, 686 S.W.2d at 171).

 This Court recently held in Mitchel v. State that the type of instruction used in
this case is not erroneous. No. 01-06-00369-CR, 2008 WL 339696, at *5 (Tex.
App.--Houston [1st Dist.] Feb. 7, 2008, no pet. h.) (citing Boyett v. State, 692 S.W.2d
512, 515-16 (Tex. Crim. App. 1985)). The appellant in Mitchel complained of an
instruction that was virtually identical in both form and substance to the jury charge
complained of here. (4) Id. at *5. This Court emphasized the fact that the jury charge
is intended to be read as a whole, and we stated that the charge as written "clearly
contemplated that the jury would consider the lesser offense before unanimously
deciding to acquit of the greater offense" and that the jury charge as a whole
"properly instructed jurors regarding the effect of their having had a reasonable doubt
as to any charged offense." Id.

 The charge here is virtually identical to the charge in Mitchel. Here, as in
Mitchell, the jury was free to consider the entirety of the jury charge before reaching
its final, unanimous conclusion. See id. Therefore, we hold that this charge is not
erroneous. Because there was no error in the charge we do not need to address
whether there was some harm. See Ngo, 175 S.W.3d at 743.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court.






 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b).

1. See Tex. Pen. Code Ann. § 19.03(a)(2) (Vernon Supp. 2007).
2. See id. § 12.31 (Vernon Supp. 2007); Tex. Code Crim. Proc. Ann. art. 37.071, § 1
(Vernon 2006).
3. Appellant did object to the jury instructions on the ground that the instructions did not
contain a felony murder instruction. The trial court overruled this objection.
4. The appellant in Mitchel v. State was found guilty of attempted capital murder of a
peace officer. Mitchel v. State, No. 01-06-00369-CR, 2008 WL 339696 (Tex.
App.--Houston [1st Dist.] Feb. 7, 2008, no pet. h.). The jury charge in Mitchel
instructed the jury on the elements of attempted capital murder of a peace officer then
stated, "Unless you so find from the evidence beyond a reasonable doubt, or if you
have reasonable doubt thereof, you will acquit the defendant of capital murder of a
peace officer and next consider whether the defendant is guilty of [a lesser included
offense]." Id. at *5. (Emphasis added). After the instruction on the last lesser
included offense, the jury charge in Mitchel contained an instruction regarding how
jurors were to resolve the case if they had a reasonable doubt of appellant's guilt that
was almost identical to the one in this case. Id.